UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DRESHAWN M. GLASPIE,

              Petitioner,                      Civil Case No. 4:18-cv-12342
                                                            Honorable Linda V. Parker

v.

RANDEE REWERTS,[1]

              Respondent.
_____/

## OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

Petitioner Dreshawn M. Glaspie, currently confined at the Carson City

Correctional Facility in Carson City, Michigan, filed a pro se application for the

writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges the

following Michigan convictions: first-degree felony murder, Mich. Comp. Laws

§ 750.316(1)(b); conspiracy to commit assault with intent to rob while armed,

Mich. Comp. Laws §§ 750.89, 750.157a; and assault with intent to rob while

armed, Mich. Comp. Laws § 750.89.

For the reasons that follow, the Court is denying Petitioner habeas relief.

---

[1] The caption is amended to reflect the proper respondent in this case, the warden of the prison where Petitioner currently is incarcerated. Rules Governing § 2254 Case, Rule 2(a), 28 U.S.C. foll. § 2254.

## I.      Factual and Procedural Background

On April 23, 2015, a Jackson County Circuit Court jury found Petitioner

guilty of the above-listed offenses.  *People v. Dooley*, No. 327942, 2016 WL

6127723, at *1 (Mich. Ct. App. Oct. 18, 2016).  The state court sentenced

Petitioner as a second habitual offender under Michigan Compiled Laws § 769.10

to prison terms of life without the possibility of parole for the murder conviction,

and to parolable life terms for the remaining convictions.  *Id.*

Petitioner was tried jointly before a single jury with co-defendant Jymario

Dooley.  The Michigan Court of Appeals summarized the facts and evidence

introduced at trial as follows:

> Defendants' convictions arise from the shooting death of
> Phillip Johnson, Jr., in the early morning hours of September
> 29, 2014, in Jackson, Michigan.  At trial, Khalil Davenport and
> William Houston—both of whom testified pursuant to plea
> agreements that allowed them to plead guilty to unarmed
> robbery—described the events that led up to Johnson's death.
> Most significantly, Davenport and Houston testified that
> Glaspie asked them earlier in the evening if they wanted to rob
> Johnson, and that Houston called Dooley, who owned a gun,
> after Davenport, Houston, and Glaspie had developed a plan for
> the robbery and decided that they needed a gun to complete the
> deed.  Later, Davenport, Houston, and Glaspie met up with
> Dooley, and all of the men agreed that Dooley would
> participate in the theft of a metal box where Johnson kept his
> marijuana.
>
> At some point after 1:30 a.m., Davenport went to
> Johnson's house in order to hang out with Johnson, learn if
> anyone else was at the home, and find out where the metal box
> was located.  After Davenport exchanged several text messages

> with Glaspie, the remaining conspirators went to Johnson's
> house and waited outside.  At approximately 3:00 a.m., Johnson
> indicated that he needed to work in the morning, and Davenport
> stated that he would go home.  Davenport walked to the door,
> with Johnson following him, and opened it.  Outside stood
> Dooley and Glaspie, both wearing ski masks.  Dooley was
> pointing a gun in Davenport's direction.  Davenport and
> Johnson yelled in surprise.  Davenport dropped to the ground—
> moving out of the way so that Dooley and Glaspie could move
> past him into the house—and ran out of the residence.  As he
> ran away from the scene, he heard one or two gunshots.
> Similarly, Houston, who had remained in the driveway during
> the incident, testified that he heard a gunshot ring out from the
> front of Johnson's house, prompting him to run down the street.

*Id.*

On direct appeal, Petitioner raised three issues: (1) the trial court's denial of his motion for a mistrial violated his due process rights, after a witness testified he knew Petitioner had been on parole; (2) the evidence to convict him was insufficient because the testimony linking him to the shooting by other participants in the robbery was "self-serving"; and (3) the trial court erred by trying him jointly with co-defendant Dooley, or alternatively, trial counsel was ineffective for not moving for a separate trial or jury.

The court of appeals affirmed Petitioner's convictions.  *Dooley*, 2016 WL 6127723, at *9.  The Michigan Supreme Court denied leave to appeal.  *People v. Glaspie*, 893 N.W.2d 625 (Mich. 2017).  Petitioner thereafter filed a timely application for the writ of habeas corpus, raising the same three issues presented to the state appellate courts.  (Pet., ECF No. 1 at Pg ID 16.)

## II.     Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") sets

forth the standard of review that federal courts must use when considering habeas

petitions brought by prisoners challenging their state court convictions.  AEDPA

provides in relevant part:

> An application for a writ of habeas corpus on behalf of a person
> in custody pursuant to the judgment of a State court shall not be
> granted with respect to any claim that was adjudicated on the
> merits in State court proceedings unless the adjudication of the
> claim–
>
> (1) resulted in a decision that was contrary to, or involved an
> unreasonable application of, clearly established Federal law, as
> determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable
> determination of the facts in light of the evidence presented in
> the State court proceeding.

28 U.S.C. § 2254(d).

"A state court's decision is 'contrary to' . . . clearly established law if it

'applies a rule that contradicts the governing law set forth in [Supreme Court

cases]' or if it 'confronts a set of facts that are materially indistinguishable from a

decision of [the Supreme] Court and nevertheless arrives at a result different from

[that] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam)

(quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*,

535 U.S. 685, 694 (2002).  "[T]he 'unreasonable application' prong of

4

§ 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694.  However, "[i]n order for a federal court to find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous.  The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409.  "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 559 U.S. 766, 773 (2010) (quoting *Lindh v. Murphy*, 521 U.S. 320, 333, n.7 (1997) and *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (per curiam)).

A state court's determination that a claim lacks merit "precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).  The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id*. (citing *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003)).  To obtain habeas relief in federal court, a state prisoner must show

5

that the state court's rejection of a claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id*.; *see also White v. Woodall*, 572 U.S. 415, 419-20 (2014). Federal judges "are required to afford state courts due respect by overturning their decisions only when there could be no reasonable dispute that they were wrong." *Woods v. Donald*, 575 U.S. 312, 316 (2015).

Pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Harrington*, 562 U.S. at 101. Because the requirements of clearly established law are to be determined solely by Supreme Court precedent, "circuit precedent does not constitute 'clearly established Federal law as determined by the Supreme Court'" and it cannot provide the basis for federal habeas relief. *Parker v. Matthews*, 567 U.S. 37, 48-49 (2012) (per curiam) (quoting 28 U.S.C. § 2254(d)(1)); *see also Lopez v. Smith*, 574 U.S. 1 (2014) (per curiam). The decisions of lower federal courts, however, may be useful in assessing the reasonableness of the state court's resolution of an issue. *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007) (citing *Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003)); *Dickens v. Jones*, 203 F. Supp. 354, 359 (E.D. Mich. 2002).

6

Section 2254(d) "does not require a state court to give reasons before its decision can be deemed to have been adjudicated on the merits." *Harrington*, 562 U.S. at 100 (internal quotation marks omitted).  Nor does AEDPA "require citation of [Supreme Court] cases—indeed, it does not even require awareness of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16.  Furthermore, "determining whether a state court's decision resulted from an unreasonable legal or factual conclusion does not require that there be an opinion from the state court explaining the state court's reasoning." *Harrington*, 562 U.S. at 98.  Where the state court's decisions provide no rationale, the burden remains on the habeas petitioner to demonstrate that "there was no reasonable basis for the state court to deny relief." *Id.*

A state court's factual determinations are presumed correct on federal habeas review.  *See* 28 U.S.C. § 2254(e)(1).  A habeas petitioner may rebut this presumption only with clear and convincing evidence.  *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).  Moreover, habeas review is "limited to the record that was before the state court."  *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

## III.   Analysis

### A.   Denial of Petitioner's Motion for Mistrial

At trial, the victim's uncle, Duane Gossett, was asked how he knew

Petitioner.  Gossett responded, "I met him -- he came over when he -- he was on

parole when I met him."  (4/20/15 Trial Tr. at 278, ECF No. 8-5 at Pg ID 404.)

Defense counsel immediately objected and moved for a mistrial.  (*Id*.)  The court

denied the motion, finding a curative instruction adequate to provide relief.

(4/21/15 Trial Tr. at 5-6, ECF No. 8-6 at Pg ID 414-15.)  The court instructed the

jury to disregard Gossett's testimony from the previous day, and the trial

continued.  (*Id*. at 6, Pg ID 415.)

In rejecting Petitioner's claim of error, the Michigan Court of Appeals

applied state case law for the principle that "not every instance of mention before a

jury of some inappropriate subject matter warrants a mistrial.  Specifically, an

unresponsive, volunteered answer to a proper question is not grounds for the

granting of a mistrial."  *Dooley*, 2016 WL 6127723, at *6 (quoting *People v.

Griffin*, 597 N.W.2d 176, 182-83 (Mich. Ct. App. 1999)).  The state court also

noted that "instructions are presumed to cure most errors."  *Id*. (citations omitted).

In support of his claim, Petitioner cites *United States v. Ailstock*, 546 F.2d

1285 (6th Cir. 1976), where the Sixth Circuit reversed the defendant's conviction

after a mistrial was denied following testimony by an accomplice that the

defendant had been to prison twice. The Sixth Circuit held that testimony "relating to [the defendant's] past was not only inadmissible but also it was highly prejudicial." *Id*. at 1290. The Sixth Circuit reversed the defendant's conviction because the trial court "fail[ed] to issue a cautionary instruction[.]" *Id*. at 1291. The court noted that the motion for mistrial "need not have been granted[.]" *Id*.

As an initial matter, the Sixth Circuit's decision in *Ailstock* may not support habeas relief. As stated earlier, "circuit precedent does not constitute 'clearly established Federal law as determined by the Supreme Court'" for purposes of 28 U.S.C. § 2254(d). *Parker*, 567 U.S. at 48-49 (quoting *Renico*, 559 U.S. at 779).

Furthermore, in contrast to *Ailstock*, the trial court here issued a cautionary instruction, and juries are presumed to follow such instructions. *United States v. Johnson*, 803 F.3d 279, 282 (6th Cir. 2015) (citing *Blueford v. Arkansas*, 599 U.S. 566, 606 (2012)). In *Ailstock*, the Sixth Circuit specifically found that a mistrial was not mandatory under the circumstances; rather, that the lack of a curative instruction was the fatal error. *Ailstock*, 546 F.2d at 1291.

Petitioner has not established that the state court's rejection of his claim was contrary to or an unreasonable application of Supreme Court precedent. Therefore, Petitioner is not entitled to relief on this issue.

### B.    Sufficiency of the Evidence

Petitioner next argues that the evidence introduced against him was legally

insufficient because there was no physical evidence linking him to the crime, only the uncorroborated and "self-serving" testimony of two co-defendants.  Trial counsel moved for a directed verdict of acquittal on these grounds, describing the evidence against Petitioner as "the inconsistent statements of the two co-defendants whose testimony was bought."[2]  (4/22/15 Trial Tr. at 168, ECF No. 8-7 at Pg ID 827.)  The trial court denied the motion.  (*Id*. at 168, 171, ECF No. 8-7 at Pg ID 827, 830.)  The Michigan Court of Appeals also rejected the claim, noting that witness credibility was a matter for the jury, and that Michigan case law permits a conviction "based on the uncorroborated testimony of an accomplice." *Dooley*, 2016 WL 6127723, at *6 (citations omitted).

"The Constitution prohibits the criminal conviction of any person except upon proof of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 309 (citing *In Re Winship*, 397 U.S. 358 (1970)).  Under AEDPA, however, a habeas court's "review of a state-court conviction for sufficiency of the evidence is very limited." *Thomas v. Stephenson*, 898 F.3d 693, 698 (6th Cir. 2018).

---

[2]  Co-Defendant Davenport received a plea deal for unarmed robbery in exchange for his testimony.  (4/21/15 Trial Tr. at 138, ECF No. 8-6 at Pg ID 547.) Davenport was originally charged with felony murder, conspiracy to commit assault with intent to rob while armed, and assault with intent to rob while armed. (*Id*.).  Co-Defendant Houston also agreed to testify against his co-defendants in exchange for an unarmed robbery conviction, with a maximum penalty of fifteen years, significantly less than the "life offense" with which he was originally charged.  (4/22/15 Trial Tr. at 6-7, ECF No. 8-7 at Pg ID 666-67.)

Sufficiency-of-the-evidence claims "face a high bar in habeas proceedings because they are subject to two layers of deference[.]" *Tackett v. Trierweiler*, 956 F.3d 358, 366 (6th Cir. 2020). First, on direct appeal, the critical inquiry is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Smith v. Nagy*, 962 F.3d 192, 205 (6th Cir. 2020) (citing *Jackson*, 443 U.S. at 319) (emphasis in original). "[S]econd, on habeas review, a federal court may . . . overturn a state court decision . . . only if the state court decision was objectively unreasonable." *Tackett*, 956 F.3d at 367.

When evaluating sufficiency-of-the-evidence claims, the habeas court "is not at liberty to reweigh the evidence or reassess the credibility of witnesses." *Smith*, 962 F.3d at 205 (citing *Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009)). Further, habeas petitioners' "[a]ttacks on witness credibility are simply challenges to the quality of the government's evidence and not to the sufficiency of the evidence." *Id.* (quoting *Martin v. Mitchell*, 280 F.3d 594, 618 (6th Cir. 2002)).

Co-Defendant Davenport testified that Petitioner initiated the idea of robbing Johnson, and that Davenport and Petitioner, along with Houston, planned to carry out the robbery that night. (4/21/15 Trial Tr. at 149, 152, ECF No. 8-6 at Pg ID 558, 561.) Dooley joined Davenport, Petitioner, and Houston; Dooley brought a gun. (*Id*. at 153, 157, Pg ID 562, 566, 571.) Davenport was inside Johnson's

house and texted Petitioner when he located the marijuana they sought to steal.
(*Id*. at 165-66, Pg ID 574-75.)  Petitioner and Dooley came to the door of
Johnson's home, wearing masks and pointing a gun at Davenport and Johnson.
(*Id*. at 167-68, Pg ID 576-77.)  Davenport ran away from the house and heard two
gunshots as he was running.  (*Id*. at 169-70, 172, 174-76, Pg ID 578, 581, 583-85.)

Co-Defendant Houston testified similarly.  He was hanging out with
Petitioner and Davenport when Petitioner brought up the idea of robbing Johnson.
(4/22/15 Trial Tr. at 16-17, ECF No. 8-7 at Pg ID 675-76.)  The plan was for
Dooley to bring a gun to flash, and for Davenport and Dooley to "grab the weed."
(*Id*. at 19, 22, Pg ID 678, 681.)  When the front door opened at Johnson's house,
Dooley and Petitioner ran toward the door.  (*Id*. at 31-32, Pg ID 690-91.)  A couple
seconds later, Houston heard a gunshot.  (*Id*. at 32, Pg ID 691.)

Petitioner does not assert a lack of supporting evidence for any specific
element of the crimes for which he was convicted.  Rather, Petitioner's argument is
that his co-defendants' testimony was "self-serving," and therefore not worthy of
belief.  He also argues that the testimony of another witness, Jill Rieman, conflicts
with his co-defendants' testimony because she only heard two people running by
her house around the time of the offense.  (4/21/15 Trial Tr. at 110-11, ECF No. 8-
6 at Pg ID 519-20.)  Petitioner thus asks this Court to reweigh the trial evidence

and re-assess witness credibility, which the Court is not authorized to do.  *Smith*,
962 F.3d at 205.

For these reasons, Petitioner has not demonstrated that the state court's
assessment of his sufficiency-of-the-evidence claim was contrary to or an
unreasonable application of Supreme Court precedent or an unreasonable
determination of the facts.  Petitioner, therefore, is not entitled to habeas corpus
relief on this claim.

### C.     Failure to Sever & Ineffective Assistance of Counsel

In his final claim, Petitioner argues that the trial court erred by not severing
his trial or jury from that of his co-defendant, or alternatively, that defense counsel
was ineffective because he failed to move for severance.  Petitioner argues that he
should have been tried separately from Dooley because the evidence against
Dooley was much more significant than the "little evidence against" Petitioner, and
"the spill over from the substantial evidence against Mr. Dooley was too
overwhelming for Petitioner to overcome."  (Pet. at 16-17, ECF No. 1 at Pg ID 34-
35.)  The Michigan Court of Appeals held that Petitioner failed to demonstrate that
his "substantial rights" suffered prejudice as a result of a joint trial and that
severance was required to "rectify[] the potential prejudice."  *Dooley*, 2016 WL
6127723, at *7.  Specifically, the state court found "that [Petitioner's] and
Dooley's defenses were based on the same premise (*i.e.*, that Davenport and

13

Houston were not credible witnesses) and were not mutually exclusive or irreconcilable." *Id*. at *8.

"A petitioner seeking habeas relief on the basis of a trial court's failure to sever his trial from his co-defendant's bears a very heavy burden[,]" as generally, "joint trials are favored." *Stanford v. Parker*, 266 F.3d 442, 459 (6th Cir. 2001) (citing *United States v. Horton*, 847 F.2d 313, 316 (6th Cir. 1988) and *United States v. Dempsey*, 733 F.2d 392, 398 (6th Cir. 1984)).  A more recent Sixth Circuit decision directly rejects Petitioner's argument, holding that "a defendant is not entitled to severance merely 'because the proof is greater against a co-defendant.'" *United States v. Fields*, 763 F.3d 443, 457 (6th Cir. 2014) (citing *United States v. Warner*, 971 F.2d 1189, 1196 (6th Cir. 1992)).  Further, "a 'spillover of evidence' from one case to another 'generally does not require severance,' unless [the d]efendant can point to specific 'substantial,' 'undue,' or 'compelling' prejudice." *Id*. (quoting *United States v. Lopez*, 309 F.3d 966, 971 (6th Cir. 2002)).  Because Petitioner relies only on the disparity in evidence, and identifies no other source of prejudice, he has not established a violation of his due process rights based on the trial court's failure to sever his proceedings from Dooley's.

Petitioner's alternative argument—ineffective assistance of counsel—is similarly meritless.  The Michigan Court of Appeals rejected this claim, reasoning:

[D]efense counsel advanced the same general defense as Dooley. Contrary to defendant's claim that "[i]n no sense did the joinder help Mr. Glaspie," it would have been reasonable for defense counsel to conclude that having one jury in a joint trial—during which Davenport and Houston would be subject to cross-examination by two attorneys who wanted to prove that they were not credible—provided the best chance of acquittal for Glaspie. Thus, on this record, Glaspie has not overcome the strong presumption that defense counsel's failure to move for a separate trial or jury was a sound trial strategy.

Further, because Glaspie and Dooley did not present mutually exclusive or irreconcilable defenses, any motion for a separate trial or jury would have been futile. *See* [*People v. Hana*, 524 N.W.2d 682, 692-93 (Mich. 1994)].

*Dooley*, 2016 WL at *8. This decision must be evaluated under a "doubly deferential" standard. *Abby v. Howe*, 742 F.3d 221, 226 (6th Cir. 2014) (citing *Burt v. Titlow*, 571 U.S. 12, 15 (2013)).

The first layer of deference is the familiar deficient performance plus prejudice standard of *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). That is, a habeas petitioner must show "that counsel's representation fell below an objective standard of reasonableness[,]" and "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Lafler v. Cooper*, 566 U.S. 156, 163 (2012) (citations omitted). *Strickland* requires a "strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance." *Abby*, 742 F.3d at 226 (brackets omitted) (quoting *Strickland*, 466 U.S. at 689).

15

AEDPA provides the second layer of deference, under which a federal habeas court may "examine only whether the state court was reasonable in its determination that counsel's performance was adequate." *Id*. (citing *Burt*, 571 U.S. at 24). "The pivotal question is whether the state court's application of the *Strickland* standard was unreasonable," which "is different from asking whether defense counsel's performance fell below *Strickland*'s standard." *Harrington*, 562 U.S. at 101.

Under this standard, the Michigan Court of Appeals' decision was not an unreasonable application of Supreme Court precedent or the facts. As the state court provided, there is a reasonable argument for counsel's actions. Moreover, as set forth earlier, Petitioner's claim that he was entitled to severance is meritless and counsel is not ineffective for failing to assert meritless arguments. *See Coley v. Bagley*, 706 F.3d 741, 752 (6th Cir. 2014) ("Omitting meritless arguments is neither professionally unreasonable nor prejudicial."); *United States v. Steverson*, 230 F.3d 221, 225 (6th Cir. 2000).

For these reasons, Petitioner is not entitled to habeas relief on his severance claim.

## D. Conclusion

For the reasons set forth above, the Court concludes that Petitioner fails to set forth grounds entitling him to habeas relief.

16

Before Petitioner may appeal this decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).  A federal district court must decide whether to issue a certificate of appealability when it issues a ruling on the habeas petition. *Castro v. United States*, 310 F.3d 900, 901 (6th Cir. 2002).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To demonstrate such a denial, a petitioner must show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further.  *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

The Court is denying Petitioner a certificate of appealability because he fails to make a substantial showing of the denial of a federal constitutional right for the reasons stated earlier in this decision.  Reasonable jurists would not find it debatable whether Petitioner was wrongly denied a mistrial, whether the evidence against him was legally sufficient, and whether he was denied a fair trial for the court's failure to sever his trial or jury from his co-defendant.  However, because an appeal could be made in good faith, the Court will grant Petitioner leave to appeal in forma pauperis.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3)(A).

Accordingly,

17

**IT IS ORDERED** that the Court **DENIES** Petitioner's application for the writ of habeas corpus.

**IT IS FURTHER ORDERED** that the Court **DENIES** Petitioner a certificate of appealability but **GRANTS** him leave to proceed in forma pauperis on appeal.

**IT IS SO ORDERED.**

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: September 14, 2021

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, September 14, 2021, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan
Case Manager

18